IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY;
NATURAL RESOURCES DEFENSE COUNCIL;
and GREENPEACE, INC.,

    Plaintiffs,

  v.

DIRK KEMPTHORNE, United States
Secretary of the Interior; and UNITED
STATES FISH AND WILDLIFE SERVICE,

    Defendants.
    _____/

No. C 08-1339 CW

ORDER GRANTING
PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT
AND INJUNCTION

    Plaintiffs seek to compel Defendants to perform their mandatory duty under the Endangered Species Act (ESA) timely to publish a final listing determination for the polar bear. Plaintiffs have filed a summary judgment motion seeking an injunction and declaratory judgment. Defendants oppose this motion. The Court has considered all of the papers filed by the parties. Because timeliness is essential, the issues are not complex and the parties are generally in agreement, the Court decides this motion without oral argument. The Court GRANTS Plaintiffs' motion.

BACKGROUND

    On February 17, 2005, Defendants received from Plaintiff

Center for Biological Diversity (CBD) a petition to list the polar bear as an endangered species under the ESA.[1]  On June 5, 2006, the federal district court granted the parties' stipulated settlement agreement.  On January 9, 2007, pursuant to that agreement, Defendants published in the Federal Register a proposed rule to list the polar bear[2] as a threatened species.[3]

Following publication, the public comment period was open for three months and public hearings were held in Alaska and Washington, D.C.  (Laverty Decl. ¶ 4.)  In September, 2007, at Defendants' request, the United State Geological Survey (USGS) completed reports pertaining to polar bear habitat, polar bear population numbers, and data on arctic climate and sea ice trends.  (Id. ¶ 5.)  To allow public comment on the reports, Defendants then reopened the comment period until October 22, 2007.  (Id. ¶ 6.)

On December 14, 2007, Defendant FWS's Alaska Regional Office

---

[1] The ESA provides "a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved," and "a program for the conservation of such endangered species and threatened species."  16 U.S.C. § 1531(b).

[2] The proposed rule explained that polar bears, or Ursus maritimus, are the "largest of the living bear species," and are "evolutionarily adapted to life on sea ice."  72 Fed. Reg. 1064, 1066 (Jan. 9, 2007).  Polar bears are distributed throughout the circumpolar Arctic, including areas of Alaska, and rely on sea ice as their primary habitat for feeding, breeding and denning.  Id. at 1067.  Defendants determined that the polar bear population could be grouped into nineteen distinct population segments, but that "the entire species meets the definition of a threatened species under the Act."  Id. at 1071.

[3] An "endangered" species is "any species which is in danger of extinction throughout all or a significant portion of its range," whereas a "threatened" species is "any species which is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range."  16 U.S.C. § 1532(6), (20).

United States District Court
For the Northern District of California

forwarded a draft final report to its Washington, D.C. office. (Id. ¶ 7.)  On January 7, 2008, Defendants publicly announced that the final listing would occur in thirty days.  (Id. ¶ 6.)  On February 22, 2008, Defendants prepared a new draft final listing, including input from a working group of staff from the Office of the Solicitor.  (Id. ¶¶ 9-10.)  On April 16, 2008, Defendants asked the Solicitor to ensure that the listing determination met all statutory and regulatory guidelines.  (Id. ¶ 11.)

Plaintiffs' action arises from Defendants' failure to issue a final listing determination and critical habitat designation by January 9, 2008--within one year of publication of the proposed rule--as required by 16 U.S.C. § 1533(b)(6).

On January 9, 2008, Plaintiffs sent Defendants a sixty-day notice of intent to sue, pursuant to the ESA.

On March 10, 2008, Plaintiffs filed a complaint against Defendants, seeking a declaratory judgment and injunctive relief. On April 2, 2008, Plaintiffs filed a motion for summary judgment. On April 17, 2008, Defendants filed an opposition.[4]

### LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The moving party bears the burden of showing that there is no material

---

[4]On April 17, 2008, Applicant Conservation Force also filed a motion to intervene.  Plaintiffs oppose this motion.

3

factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Id. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

All parties agree that summary judgment is appropriate. However, they disagree regarding the date on which the rule should be ordered published in the Federal Register, and on whether the rule should be effective immediately upon publication or after a thirty-day notice period.

I.  Summary Judgment

Both Plaintiffs and Defendants agree that Defendants were required to issue a decision by January 9, 2008, but that they failed to do so.

Section Four of the ESA sets out the process for listing a threatened or endangered species. It provides that, after publication of a notice and proposed rule in the Federal Register, the Secretary of the Interior must act on the rule within one year of the date of its publication by promulgating a final rule, withdrawing the proposed rule, or extending the one-year time

4

period for not more than six months.  16 U.S.C. § 1533(b)(6).
"This is a mandatory, nondiscretionary duty which may be enforced by citizen suit."  Envtl. Def. Ctr. v. Babbitt, 73 F.3d 867, 871 (9th Cir. 1995).

The parties agree that Defendants missed this non-discretionary deadline.  Therefore, because there is no dispute of material fact, Plaintiffs' motion for summary judgment is GRANTED.

II.  Issuance of an Injunction

The parties also agree that the Court is required to issue an injunction.  However, they diverge in their requests for when the injunction should take effect.

In recognition that "timeliness in the listing process is essential," Congress developed mandatory deadlines for listing endangered and threatened species under the ESA.  Ctr. for Biological Diversity v. Norton, 254 F.3d 833, 839 (9th Cir. 2001). "The language of the ESA regarding the deadlines for action could hardly be more clear."  Or. Natural Res. Council, Inc. v. Kantor, 99 F.3d 334, 338-39 (9th Cir. 1996).  Therefore, "traditional preliminary injunction analysis does not apply to injunctions issued pursuant to the ESA."  Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv., 422 F.3d 782, 793-94 (9th Cir. 2005).  Once a suit is brought against the Secretary for violating a non-discretionary deadline under the ESA, a district court must issue an injunction. Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1175 (9th Cir. 2002) (citing TVA v. Hill, 437 U.S. 153, 193-95 (1978)).

Plaintiffs request that the Court order Defendants to publish a final listing determination for the polar bear by May 15, 2008.

5

Plaintiffs cite Marbled Murrelet v. Lujan, 1992 U.S. Dist. LEXIS 14645 (W.D. Wash.), in which a district court judge ordered a species listing rule published three days after the order was issued. In Marbled Murrelet, the court found that the Secretary of the Interior had unlawfully delayed the listing of a species under the ESA by filing an insufficient notice of six-month extension.[5] The instant case does not pertain to a notice of extension. However, the court's decision to order the listing promptly was based, in part, on the fact that the FWS field office had already drafted a final rule. Here, too, Defendants had a final rule, produced by the FWS field office, in December, 2007, and a second "final draft," in February, 2008.

The Ninth Circuit decision in Environmental Defense Center v. Babbitt, 73 F.3d 867 (9th Cir. 1995), and the cases that have followed it, indicate that the time frame for issuing an injunction should be based on a standard of reasonableness. See, e.g., Ctr. for Biological Diversity v. Norton, 304 F. Supp. 2d 1174, 1184 (D. Ariz. 2003) ("In setting a timetable for agency action, the Ninth Circuit has instructed courts to follow a standard of reasonableness."). A judge in this district determined that "the ESA does not divest the Court of its equitable discretion to fashion a reasonable remedy." Ctr. for Biological Diversity v. Norton, 208 F. Supp. 2d 1044, 1050-51 (N.D. Cal. 2002). In Forest Guardians v. Babbitt, 174 F.3d 1178 (10th Cir. 1999), the Tenth

---

[5] In order to extend the one-year listing deadline, the Secretary must establish the existence of "substantial disagreement regarding the sufficiency or accuracy of the available data relevant to the determination." 16 U.S.C. § 1533(b)(6)(B)(i).

Circuit directed district courts to refer to Environmental Defense Center as guidance for determining deadlines for compliance with the ESA. The court clarified that such orders "must consider what work is necessary to publish the final rule and how quickly that can be accomplished." Id. at 1193.

Defendants request that they have until June 30, 2008 to publish the final listing determination for the polar bear. They argue that, given the legal and factual complexity of the rule, the number and variety of public comments that they received, and the amount of internal review required, this is a reasonable schedule. By December 14, 2007, Defendant FWS's Alaska Regional Office had prepared a draft final report. On January 9, 2008, Defendants were put on notice that they were in violation of the law and that Plaintiffs would be filing suit. However, Defendants did not file a notice in the Federal Register seeking an extension of time. Instead, Defendants publicly announced that the rule would be published by February 7, 2008. On February 22, 2008 Defendants completed a final draft that incorporated the results of internal review and comments from the Solicitor's office. On March 10, 2008, Defendants received notice that Plaintiff CBD had filed the instant action, including a request for an injunction to take effect on approximately May 15, 2008. Defendants have been in violation of the law requiring them to publish the listing determination for nearly 120 days. Other than the general complexity of finalizing the rule, Defendants offer no specific facts that would justify the existing delay, much less further delay. To allow Defendants more time would violate the mandated

7

listing deadlines under the ESA and congressional intent that time is of the essence in listing threatened species.

Thus, the Court GRANTS Plaintiffs' request for an injunction, and orders Defendants to publish the final listing determination for the polar bear on or before May 15, 2008.

III. Thirty-Day Notice Period

Plaintiffs also request that the Court order Defendants to effectuate the rule immediately upon publication in the Federal Register,[6] rather than allowing the thirty-day notice period required under the Administrative Procedures Act. The Act specifies that "publication or service of a substantive rule shall be made not less than 30 days before its effective date." 5 U.S.C. § 553(d). However, this thirty-day delay can be abrogated if "otherwise provided by the agency for good cause found and published with the rule." 5 U.S.C. § 553(d)(3).

Defendants argue that the thirty-day waiting period is necessary to permit any affected entities to become familiar with the substance of the final rule and adjust their behavior accordingly. Riverbend Farms, Inc. v. Madigan, 958 F.2d 1479, 1485 (9th Cir. 1992). Regarding the polar bear, affected parties have been on notice since January 9, 2007 that a final determination on the proposed rule would be published within one year. During that year, parties were given two opportunities to submit comments. On January 7, 2008, Defendants publicly announced that the listing

---

[6] The Federal Register is the official daily publication for rules, proposed rules, and notices of federal agencies. It is updated daily by 6:00 am and is published Monday through Friday, except federal holidays.

8

determination would be published no later than February 7, 2008. Thus, when the final determination is published between now and May 15, 2008, affected parties will have had adequate notice that publication was forthcoming.  Further, Defendants have waived the notice period on several occasions, in order to effectuate an ESA listing immediately.  See, e.g., 63 Fed. Reg. 13134, 13149 (March 18, 1988) ("Because of the immediate threat posed by [existing and pending development projects], the Service finds that good cause exists for this rule to take effect immediately upon publication in accordance with 5 U.S.C. § 553(d)(3).").

Defendants contend that the thirty-day waiting period does not pose a threat and will have a negligible effect on the status of the polar bear, because the species is already protected under the Marine Mammal Protection Act (MMPA).  The MMPA, like the ESA, prohibits any killing, including incidental take, unless exempted or authorized under the statute.  (Laverty Decl. ¶ 13.)  However, the protections afforded under the ESA far surpass those provided by the MMPA, because the ESA also protects species' habitat.[7] Also, under the ESA, all federal agencies are required to confer with the Secretary of the Interior prior to authorizing, funding, or carrying out any action that might destroy or adversely modify the critical habitat, or otherwise jeopardize the existence, of a species listed under the ESA.  16 U.S.C. § 1536(a).  Plaintiffs point out a specific agency action--a proposed rule that would exempt oil industry operations in the Chukchi Sea from the MMPA

---

[7] The ESA, unlike the MMPA, also allows citizens to bring suit, such as the instant action, in order to enforce the statute.

9

prohibitions against the incidental take of polar bears--that could jeopardize the continued existence of the species if it is not listed under the ESA.  72 Fed. Reg. 30670 (June 1, 2007). Defendants fail to show that the thirty-day waiting period will not pose a threat to the polar bear.

For the foregoing reasons, the Court GRANTS Plaintiffs' request to order Defendants to waive the thirty-day notice period.

## CONCLUSION

The Court GRANTS Plaintiffs' motion for summary judgment.  The Court orders Defendants to publish in the <u>Federal Register</u> the final listing determination for the polar bear on or before May 15, 2008.  The Court orders Defendants to waive the thirty-day notice period, pursuant to 5 U.S.C. § 553(d)(3).  Therefore, the published rule will take effect immediately upon publication of the final listing determination.  The motions to intervene and to file an amicus brief are denied as moot.

On May 15, 2008, the parties shall notify the Court if the final listing determination has been published and, if so, judgment for Plaintiffs will be entered, with costs awarded to Plaintiffs. Otherwise, the parties shall appear for a case management conference on May 15, 2008 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 4/28/08

CLAUDIA WILKEN
United States District Judge