United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; NATURAL RESOURCES DEFENSE COUNCIL; and GREENPEACE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, United States Secretary of the Interior; and UNITED STATES FISH AND WILDLIFE SERVICE, <br><br> Defendants. _____/ | No. C 08-1339 CW <br><br> ORDER DENYING DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT AND DENYING AS MOOT PLAINTIFFS' CROSS-MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT |

Defendants Dirk Kempthorne and the U.S. Fish and Wildlife Service move to strike the amended complaint filed by Plaintiffs Center for Biological Diversity, Natural Resources Defense Council and Greenpeace, Inc. Plaintiffs oppose Defendants' motion and, in the alternative, move for leave to file an amended or supplemental complaint. Pursuant to the parties' stipulation, the matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies Defendants' motion and denies as moot Plaintiffs' cross-motion.

BACKGROUND

Plaintiffs filed this action on March 10, 2008, charging Defendants with failing to comply with the Endangered Species Act's (ESA) deadline for them to issue a determination on whether the polar bear should be listed as a threatened species. Defendants did not answer the complaint. On April 2, 2008, Plaintiffs moved for summary judgment. Defendants opposed this motion, conceding that they had failed to meet the deadline but arguing that the relief Plaintiffs sought was unjustified.

On April 28, 2008, the Court granted Plaintiffs' motion and ordered Defendants to publish their listing determination by May 15, 2008. Defendants complied with this order and published a final rule designating the polar bear as threatened. In addition, Defendants promulgated a special rule under section 4(d) of the ESA, which permits the Fish and Wildlife Service to specify prohibitions and authorizations that are tailored to the specific conservation needs of a particular species. The special rule here allows certain activities that might otherwise be prohibited under the ESA.

On May 16, 2008, Plaintiffs filed an amended complaint adding two claims. The first new claim charges Defendants with violating the Administrative Procedures Act by promulgating the section 4(d) rule without first publishing a notice of proposed rule-making and giving interested persons an opportunity to comment. The second new claim charges Defendants with violating the National Environmental Policy Act by promulgating the section 4(d) rule without first conducting an environmental impact statement or an

2

environmental assessment.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure is entitled, "Amendments Before Trial." It provides in part, "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such leave should be freely given "when justice so requires." Id.

Rule 15(d), in turn, is entitled, "Supplemental Pleadings." It provides in part, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). "While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion . . . ." Id. at 474 (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.16[3] (1985)).

Plaintiffs argue that, because Defendants did not file an

3

answer to the original complaint, they may amend it as a matter of course. This argument is supported by the plain meaning of language in Rule 15(a). In addition, Plaintiffs cite several cases holding that a motion is not a "responsive pleading" within the meaning of Rule 15(a)(1). See, e.g., Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). Although these cases address the effect of a motion to dismiss on a plaintiff's right to amend, the text of Rule 15(a)(1) provides no basis for drawing a distinction between such a motion and a motion for summary judgment.

Defendants argue that Rule 15(d)'s separate treatment of pleadings that set out "any transaction, occurrence, or event that happened after the date of the [original] pleading" implies that any such pleading must be considered a "supplemental pleading," the filing of which requires leave of the court. The amendment here adds two causes of action based on events that transpired after the lawsuit was commenced. Defendants argue that it is therefore subject to the requirements of Rule 15(d).

It is not clear that Rule 15(d), rather than Rule 15(a)(1), should apply to Plaintiffs' amendment. In any event, the Court would grant Plaintiffs leave to file a supplemental complaint if such leave were required under the present circumstances. Requiring Plaintiffs to re-file the amended complaint -- which Defendants have already answered -- as a supplemental complaint would be pointless.

4

CONCLUSION

For these reasons, and because the Federal Rules of Civil Procedure espouse "liberal pleading practices" that seek to "minimize technical obstacles to a determination of the controversy on its merits," G.F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498, 1502 (9th Cir. 1994) (internal quotation marks omitted), the Court DENIES Defendants' motion to strike the amended complaint (Docket No. 77) and DENIES as moot Plaintiffs' cross-motion for leave to file a supplemental complaint (Docket No. 80).

IT IS SO ORDERED.

Dated: 6/17/08

_____
CLAUDIA WILKEN
United States District Judge